UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRIAN LASAGE                                                                CIVIL ACTION

VERSUS                                                                           NO. 21-1205

MARCUS MEYERS                                                         SECTION "R" (1)

## ORDER AND REASONS

Petitioner Brian Lasage, seeks a writ of habeas corpus arising out of his state conviction, under 28 U.S.C. § 2254.[1] On February 2, 2022, Magistrate Judge Janis van Meerveld issued a Report and Recommendation ("R&R"), recommending that plaintiff's petition be dismissed with prejudice as untimely.[2] On February 22, 2022, plaintiff filed objections to the R&R, arguing that he is entitled to equitable tolling of the statute of limitations prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[3]

The Court has reviewed *de novo* the record, the applicable law, and Lasage's objections. For the following reasons, the Court overrules his objections, and dismisses the petition.

---

1       R. Doc. 1.
2       R. Doc. 10.
3       R. Doc. 11.

I.   **DISCUSSION**

The Court applies *de novo* review to the parts of the R&R to which petitioner objected. Fed. R. Civ. P. 72(b)(3). The Court is limited to plain-error review of any part of the R&R not subject to a proper objection. *Starns v. Andrews*, 524 F.3d 612, 617 (5th Cir. 2008).

Petitioner does not object to the Magistrate Judge's findings that (i) his conviction became final on December 20, 2010, and that (ii) therefore, under AEDPA, he had until one year later, *i.e.*, December 20, 2011, to file a petition for federal habeas relief.[4] Nor does he object to the Magistrate Judge's findings that he is not entitled to tolling of the limitations period based on statutory tolling,[5] or a showing of actual innocence.[6] As to these findings, the Court finds no clear error. The Court therefore adopts these sections of the R&R as its opinion.

Petitioner objects solely to Magistrate Judge van Meerveld's finding that he is not entitled to *equitable tolling* of the statute of limitations. Specifically, petitioner contends that his counsel Richard Oustalet, whom he first contacted in late 2011 to assist with post-conviction relief, failed to

---

[4]   *See* R. Doc. 10 at 1-4 (citing 28 U.S.C. § 2244(d)(1)).
[5]   *Id.* at 4.
[6]   *Id.* at 7-12.

2

timely file a state post-conviction application.[7] Petitioner further asserts that he "had no knowledge of the time requirements for filing into the federal courts."[8]

A federal habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

The Court finds that petitioner has failed to meet this standard. First, he has not shown that he has been pursuing his rights diligently. On the contrary, his deadline to file for federal habeas relief was December 20, 2011. He did not seek legal assistance from Oustalet until shortly before the expiration of this deadline. Moreover, it was not until 2019—over seven years later—that petitioner filed any challenge whatsoever to his conviction or sentence.[9] Petitioner's eleventh-hour retention of a lawyer, and the significant lapse in time before his state-court filing, warrant a finding that petitioner has not "been pursuing his rights diligently," as required for

---

[7] R. Doc. 11 at 1-2.
[8] *Id.* at 2.
[9] *See* R. Doc. 10 at 1.

3

equitable tolling. *Cf. Schmitt v. Zeller*, 354 F. App'x 950, 951 (5th Cir. 2009) (finding that a habeas petitioner had not shown diligence when he "delayed approximately ten months after his conviction was final before applying for state habeas relief.").

Second, Lasage has failed to show that some "extraordinary circumstance stood in his way and prevented timely filing" of this habeas petition. *Holland*, 560 U.S. at 649. Again, petitioner first contacted Oustalet shortly before his AEDPA deadline of December 20, 2011. And he did not send Oustalet a copy of his court records until January of 2012, after the deadline expired.[10] Petitioner does not cite any extraordinary circumstances that "prevented" his filing of a timely federal habeas petition. Instead, the deadline seems to have come and gone with no such filing because petitioner retained counsel at the last minute, and did not send records until after the deadline's expiration. And while Lasage asserts that he had "no knowledge" of the one-year AEDPA deadline, a "petitioner's ignorance or mistake is insufficient to warrant equitable tolling." *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) (citations omitted). Accordingly, the Court finds that Lasage is not entitled to equitable tolling based on Oustalet's alleged ineffectiveness.

---

[10]    *Id.* at 5-6.

4

Because petitioner is not entitled to equitable tolling of the limitations period, and because nothing else remedies the untimeliness of his federal filing, the Court finds that his habeas petition is barred as untimely. *See* 28 U.S.C. § 2244(d)(1). Petitioner's objections are overruled.

## II.   CONCLUSION

For the foregoing reasons, Lasage's habeas petition is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this ___21st___ day of March, 2022.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE